IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

Case No.: [*_____*]_____
Division: CIVIL_____

**BENJAMIN GALLON**

      **Plaintiff,**

vs.

**HARBOR FREIGHT TOOLS USA, INC., a
Corporation**

      **Defendant**
_____/

## COMPLAINT

Benjamin Gallon, Plaintiff herein, files this Complaint against Harbor Freight Tools USA, Inc., Defendant herein, and alleges:

### PARTIES

1. Plaintiff, Benjamin Gallon, an individual, resides in Pasco County, Florida.

2. Defendant, Harbor Freight Tools USA, Inc., a Foreign Corporation, has a principal place of business at 26541 Agoura Rd., Calabasas, California.

### JURISDICTIONAL STATEMENT

3. This is an action for damages exceeding $15,000.00. This action is a matter within the jurisdiction of the court in accordance with Section 26.012(2)(a) of the Florida Statutes.

### VENUE

4. Venue in Pasco County, Florida is proper in this action under Section 47.011 of the Florida Statutes because the injuries alleged in the Complaint occurred in Pasco County, Florida and the instrumentality giving rise to this action entered the stream of commerce in Pasco County, Florida.

## FACTS IN SUPPORT OF CLAIMS

5.  On or about October 3, 2015, Mr. Gallon purchased a 2500 LB ATV Electric Winch cable designed for the front wench for an all-terrain vehicle (ATV) from Harbor Freight Tools located at 6435 US HWY 19, New Port Richey, FL 34652. Mr. Gallon took the cable back to his residence and installed the brand new cable onto his 750 Yamaha ATV on March 1, 2016. Prior to installing the cable, Mr. Gallon confirmed that the part that he had purchased was, in fact, the part recommended for the particular ATV that he owned and was particularly careful to ensure that the tensile strength and load capabilities of the cable were consistent with that recommended by the manufacturer of his ATV.

6.  On February 29, 2016, Mr. Gallon was using his ATV when he got stuck in the mud. Unable to get free, Mr. Gallon attached the cable to another ATV and began using the winch in the front of the ATV to retract the cable and pull his ATV out of the mud. In an instant, the new cable snapped sending the cable across the open area and striking Mr. Gallon on his head and back.

7.  Mr. Gallon suffered injures including scarring from the force of the snapped cable striking him about his neck and back.

8.  At all times material hereto, the Defendant failed to perform testing adequate to determine the circumstances under which the winch cable would become dangerous or hazardous while being used under intended or reasonably foreseeable conditions and/or in an intended or reasonably foreseeable manner.

9.  At all times material hereto, the winch cable was unreasonably dangerous and defective and the defects existing therein subjected Plaintiff to an unreasonable risk of harm as designed, under foreseeable conditions.

10. The winch cable was unreasonably dangerous and defective in design in that if failed under reasonably foreseeable use.

## COUNT I
### NEGLIGENT MANUFACTURE

11. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 10.

12. Defendant Manufacturer had a duty to properly design and manufacture the winch cable.

13. Defendant Manufacturer and Distributor breached such duty in the following manner:

    a. By failing to use reasonable care, which resulted in manufacture and distribution of an unsafe product.

    b. By failing to use reasonable care in design of its product to eliminate unreasonable risk of foreseeable injury.

    c. By failing to design the product so as to give it sufficient strength and material characteristics to withstand its intended use.

    d. By failing to properly test or inspect its product or negligent performance of tests or inspections performed.

    e. By failing to properly manufacture the product according to its intended use and design.

    f. By failing to warn of the dangers and complications associated with use of its product.

14. As a direct and proximate result of the negligence on the part of manufacturer and distributor, Plaintiff suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment, and loss of earnings and earning capacity.

15. Plaintiff's losses are either permanent, or continuing, and will continue in the future.

## COUNT II
## STRICT LIABILITY

16. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 10.

17. At all times material hereto, Defendant, adopted a design and manufacturing process for the winch cable which was not common, usual, customary, prudent, or in accordance with the established industry standards relating to the manufacture of similar items or products of a similar intended and/or reasonable function.

18. Defendant designed, manufactured, and placed the winch cable into the stream of commerce, intended that it be used in the precise manner that it was being used at the time the above-described events occurred.

19. The winch cable was in substantially the same defective condition at the time of the above-described events as it was when it left the Defendant's possession and control.

20. At the time winch cable was manufactured and placed into the stream of commerce by the Defendant, the winch cable contained manufacturing defects which were unreasonably dangerous to intended and/or reasonably foreseeable user such as Benjamin Gallon.

21. As a result of the manufacturing defects, the winch cable failed to perform as safely as an ordinary consumer would expect when utilizing the winch cable in an intended and/or reasonably foreseeable manner.

22. Defendant owed a duty to Plaintiff and other persons similarly situated, to use reasonable care in designing, testing, assembling, manufacturing, and inspecting the winch cable, and in the testing and inspecting of any component parts made by another, so that the winch cable could be safely used in a manner and for a purpose in which it was made.

23. Defendant breached such duties by testing, assembling, and inspecting the winch cable in such a negligent manner that it was likely to fail even while being used in an intended and/or reasonably foreseeable manner.

24. Defendant breached Defendant's duties by selling and inspecting the winch cable in such a negligent manner.

25. As a direct and proximate result of the defective and unreasonably dangerous condition of the winch cable, Mr Gallon sustained injuries about his head and back..

26. As a direct and proximate result of the defective and unreasonably dangerous condition of the winch cable, Plaintiff suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment, and loss of earnings and earning capacity.

27. The manufacturing defects in the winch cable were the direct and proximate cause of the accident and subsequent injuries.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands judgment against Defendant for general damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

                         Law Offices of Tragos & Sartes, P.L.

                         */s/ Peter A. Sartes, Esq.*
                         PETER A. SARTES, MBA/JD
                         601 Cleveland St. Suite 800
                         Clearwater, FL 33755
                         Phone (727) 441-9030
                         Fax   (727) 441-9254
                         FL Bar No. 582905
                         SPN No. 02429305
                         ATTORNEY FOR PLAINTIFF
                         E-Mail: peter@greeklaw.com
                         Secondary E-Mail: genie@greeklaw.com