UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN GALLON,

    Plaintiff,

v.                                                                 Case No. 8:17-cv-520-T-24 MAP

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's motion to remand (Doc. 6) and Defendant's response thereto (Doc. 11). When, as here, the complaint seeks an indeterminate amount of damages, the defendant seeking removal based on diversity jurisdiction must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. The evidence presented by Defendant, including a pre-suit demand for less than the jurisdictional amount, does not satisfy this burden. Accordingly, the Court remands this action to state court for lack of subject matter jurisdiction.

    **I.**    **Background**

Plaintiff initiated this personal injury action in state court on December 12, 2016. In the complaint, Plaintiff alleges that he was injured when an all-terrain vehicle winch cable purchased from Defendant snapped and struck Plaintiff on his neck and back. (Doc. 2). Specifically, Plaintiff alleges that he suffered "injuries including scarring" as well as "great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical

1

and nursing care and treatment, and loss of earnings and earning capacity." (*Id.* at ¶¶ 7, 14, 26). The complaint states that damages exceed $15,000, the jurisdictional minimum to be in Florida circuit court, but it provides no further specificity. (*Id.* at ¶ 3).

Defendant's notice of removal is premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). Because Defendant did not provide any basis for its claim that the amount in controversy exceeded $75,000, the Court ordered Defendant to supplement its notice of removal with evidence supporting this assertion. (Doc. 3). In its supplement, Defendant notes that Plaintiff alleges "great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, and loss of the capacity for enjoyment of life" in his complaint. (Doc. 5). Defendant further states that in addition to these intangible damages, Plaintiff's complaint includes a claim for loss of future income. (*Id.*). Attached to Defendant's supplement are portions of Plaintiff's pre-suit demand package including medical records and bids for jobs that Plaintiff allegedly took but was unable to complete due to his injuries. (Doc. 7).[1] The demand package states that Plaintiff suffered a minor traumatic brain injury and scarring as a result of the incident and is "suffering from headaches, insomnia, irritability, and anxiety." (*Id.* at 5). It is further indicated that Plaintiff suffered $10,584.93 in medical expenses and $7,557.55 in lost wages. (*Id.*). All of this, according to Defendant, establishes that Plaintiff is seeking in excess of $75,000. What Defendant conveniently fails to mention, however, is that the demand itself is for only $50,000. (*Id.*).

---

[1] The demand package can be found attached to Plaintiff's Notice of Filing Amended Exhibit (Doc. 7).

Plaintiff now seeks to remand this action to state court, arguing that Defendant has not met its burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. 6). There is no dispute that complete diversity exists.

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), a defendant can remove an action to a United States district court if that court had original jurisdiction over the action. District courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When, as here, "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal," along with other relevant evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Eleventh Circuit has "repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (citations omitted); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional amount." (citations and internal quotation marks omitted)).[2]

---

[2] In its supplement to the notice of removal, Defendant, citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S.___, 135 S. Ct. 547 (2014), asserts that its notice of removal must only plausibly allege that the jurisdictional amount in controversy is met, not prove the amount. This is incorrect. The Supreme Court recognized in *Dart* that when the plaintiff contests the defendant's amount in controversy—as is the case here—the district court must find "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553 (quoting 28 U.S.C. § 1446(c)(2)(B)). In its response to the motion to remand, Defendant appears to concede that the preponderance of the evidence standard applies. (Doc. 11 at p. 2).

On the other hand, "a removing defendant is not required to prove the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "[A] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Dudley*, 778 F.3d at 913 (quoting *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)). However, "[c]onclusory allegations are insufficient to establish the amount in controversy." *Green v. Travelers Indem. Co.*, No. 3:11-cv-922-J-37TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011). And "removal statutes are construed narrowly" with "uncertainties [] resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Motion to Remand

In response to Plaintiff's motion to remand, Defendant argues that the requisite amount in controversy is established because: 1) the demand package describes extensive symptoms associated with a head injury, concussion, and mild traumatic brain injury; 2) jury verdicts and settlements in other mild traumatic brain injury cases exceed $75,000; and 3) Plaintiff has refused to state clearly that the amount in controversy does not exceed $75,000. (Doc. 11). The Court finds this evidence insufficient to satisfy Defendant's burden.

First, Defendant relies upon Plaintiff's pre-suit demand package to establish that the amount in controversy exceeds $75,000. Settlement offers are relevant, but not determinative, of the amount in controversy. *Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (citing *Burns*, 31 F.3d at 1097). On its face, the demand package fails to establish the amount in controversy because Plaintiff demands $50,000, which is less than the jurisdictional amount, and it substantiates just $10,584.93 in past medical expenses and $7,557.55 in past lost wages.

In spite of this, Defendant urges the Court to instead focus on Plaintiff's allegations of permanent and continuing traumatic brain injury and physical injuries sufficient to interfere with Plaintiff's ability to earn income. Defendant points out that the demand package indicates that Plaintiff's "job is extremely physically demanding and since the accident [Plaintiff] has been unable to fulfill the physical requirements of his job." Defendant essentially argues that notwithstanding the fact that the demand is for $50,000 and substantiates only $18,142.48 in damages, the amount in controversy is satisfied because Plaintiff alleges a serious injury and is seeking damages for loss of future income.

But "mere allegations of severe injuries are insufficient to establish the amount in controversy." *Green*, 2011 WL 4947499, at *3 (citations omitted). There is no information from which the Court can estimate the amount of any future medical expenses or future loss of income. And the Court will not speculate regarding the value of these claims or the value of any claims for pain and suffering. *See Nelson v. Black & Decker (U.S.), Inc.*, 8:16-cv-869-T-24JSS, 2015 WL 12259228, at *3 (M.D. Fla. Aug. 30, 2016). The allegations of serious injury and loss of future income in the demand package, without evidence as to the value of these claims, are simply not enough to establish the jurisdictional amount by a preponderance of the evidence— especially given that the demand itself is for less than the jurisdictional threshold. In fact, in a case like this, in which the relied-upon demand substantiates less than $20,000 in past damages and there are only conclusory allegations of future damages, the Court would be hard pressed to find that the amount in controversy was satisfied even if the demand itself were for *more* than the jurisdictional amount. *See Ashmeade v. Farmers Ins. Exchange*, 5:15-cv-533-OC-34PRL, 2016 WL 1743457, at *2 (M.D. Fla. May 3, 2016) ("[I]f the demand is made prior to suit, a court may

refuse to credit the sum demanded if it does not correlate [to] the plaintiff's damages.") (citations omitted).

     Moreover, the Court is not convinced that the jury verdicts and settlements provided by Defendant regarding similar injuries shed any light on the amount in controversy in this case. Indeed, the Eleventh Circuit has questioned whether such evidence "is ever of much use in establishing the value of claims in any one particular suit." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1121 (11th Cir. 2007); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (stating that "mere citation to what has happened in the past [referring to awards in other cases] does nothing to overcome the indeterminate and speculative nature of [the defendant's] assertion [of the amount in controversy] in this case"). Although these jury verdicts and settlements involve mild traumatic brain injuries, it is impossible for the Court to determine how similar this action is to those Defendant cites. Even taking these jury verdicts and settlements into account, the Court would need to engage in improper speculation in order to find that the amount in controversy in this case is satisfied.

     Lastly, Defendant argues that the Court should consider Plaintiff's refusal to admit that the value of his claims does not meet the jurisdiction threshold in assessing the amount in controversy. Defendant is correct that this type of evidence may be considered. *See Morock v. Chautauqua Airlines, Inc.*, 8:07-cv-00210-T17MAP, 2007 WL 1725232, at *2 (M.D. Fla. June 14, 2007). But this does not change the fact that it is Defendant's burden to show, by a preponderance of the evidence, that the amount in controversy is satisfied. Even considering this evidence in conjunction with the demand package and the jury verdicts, Defendant has not satisfied that burden.

### IV. Defendant's Request for Limit Discovery

Defendant requests, in the alternative, limited discovery related solely to the jurisdictional amount in controversy. While a court may permit parties to conduct jurisdictional discovery to determine whether diversity jurisdiction exists, *see Donovan v. Liberty Mut. Ins. Co.*, 6:16-cv-157-Orl-22TBS, 2016 WL 890086, at *2 (M.D. Fla. March 3, 2016) (citing *Bennett v. USA Water Polo, Inc.*, No. 08-23533-CIV, 2009 WL 1089480, at *1 (S.D. Fla. April 21, 2009)), the Court declines to do so in this in case. Such jurisdictional discovery is improper where, as here, Defendant offers only speculation and conclusory allegations concerning subject matter jurisdiction. *Donovan*, 2016 WL 890086, at *2 (citing *Viasystems, Inc. v. EBM-Pabst St. Georgen GMBH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011)). Accordingly, the Court will exercise its discretion to deny jurisdictional discovery.

### V. Conclusion

Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiff's motion to remand (Doc. 6) is GRANTED. The Clerk is directed to remand this case to state court and then to close this case.

**DONE** and **ORDERED** at Tampa, Florida, this 7th day of April, 2017.

_____
SUSAN C. BUCKLEW
United States District Judge