UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN GALLON,

    Plaintiff,

v.                                             Case No. 8:17-cv-520-T-24 MAP

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (Doc. 20) and Defendant's response thereto (Doc. 22).[1] Upon review, Plaintiff's motion for attorneys' fees is **DENIED**.

Plaintiff initiated this personal injury action in state court on December 12, 2016, alleging injuries sustained when an all-terrain vehicle winch cable purchased from Defendant snapped and struck Plaintiff on his neck and back. (Doc. 2). The complaint alleged that Plaintiff's damages exceeded $15,000, the jurisdictional minimum to be in Florida circuit court, but provided no further specificity. (Doc. 2, ¶ 3). Defendant removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). Plaintiff then moved to remand. (Doc. 6).

In response to Plaintiff's motion to remand, Defendant argued that the jurisdictional minimum of $75,000 was satisfied because 1) Plaintiff's pre-suit demand package, despite

---

[1] The Court would note that Plaintiff also filed a reply (Doc. 23) to Defendant's response without seeking leave of Court as required by Local Rule 3.01(c). The Court will therefore not consider the arguments made therein.

1

demanding only $50,000, described extensive symptoms associated with a head injury, concussion, and mild traumatic brain injury, including loss of future wages; 2) jury verdicts and settlements in other mild traumatic brain injury cases exceed $75,000; and 3) Plaintiff refused to state clearly that the amount in controversy did not exceed $75,000. (Doc. 11). The Court granted Plaintiff's motion to remand, finding that Defendant had not satisfied its burden to show, by a preponderance of the evidence, that the amount in controversy was satisfied. (Doc. 18).

Plaintiff now moves for an award of attorneys' fees and costs incurred by the Plaintiff in remanding this action back to state court. Pursuant to 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have discretion to award attorneys' fees as a result of the removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court would first note that Plaintiff has not made any argument why Defendant's removal was objectively unreasonable—Plaintiff merely provided a timeline of the events in this case and the standard from *Martin*. In any event, the Court finds that Defendant had an objectively reasonable, albeit ultimately unsuccessful, basis for removing this action. Despite the fact that the pre-suit demand letter relied upon by Defendant demanded less than the jurisdictional amount, it was not objectively unreasonable for Defendant to argue that the claim for damages exceeded the jurisdictional amount based on the allegations of head injuries and lost future wages. *See Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (holding that settlement offers are relevant, but not determinative, of the amount in controversy). While the evidence presented by Defendant did not

show by a preponderance of the evidence that the amount in controversy was met, Defendant had an objectively reasonable basis to seek removal.

Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiff's motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** at Tampa, Florida, this 5th day of May, 2017.

SUSAN C. BUCKLEW
United States District Judge